**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **CRIMINAL NO. 6:09-CR-23-1** |
| | § | |
| **DERRICK LAMONT WALKER** | § | |

**REPORT & RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On February 10, 2011, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Derrick Lamont Walker. The government was represented by Bill Baldwin, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Greg Waldron.

Defendant originally pled guilty to the offense of Possession of Material Involving the Sexual Exploitation of Minors, a Class C felony. The offense carried a statutory maximum imprisonment term of 10 years. The United States Sentencing Guideline range, based on a total offense level of 21 and a criminal history category of I, was 37 to 46 months. On July 21, 2010, District Judge Leonard Davis sentenced Defendant to time served followed by 7 years of supervised release subject to the standard conditions of release, plus special conditions to include 1) participation in a program of testing and treatment for drug abuse; 2) participation in a program of psychiatric and mental health services; 3) compliance with requirements of sex offender registration; 4) participation in a sex offender treatment program; and 5) prohibition of any contact with children under the age of 18. On July 21, 2010, Defendant completed the term of imprisonment and began his term of supervised release.

Under the terms of supervised release, Defendant was prohibited, in relevant part, from committing another federal, state, or local crime. In addition, Defendant was to participate in a sex offender treatment program. In its petition, the government alleges that Defendant violated his term of supervised release by being arrested for driving while intoxicated and being terminated from sex offender treatment prior to successful completion of the program.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by being arrested for driving while intoxicated and for unsuccessfully completing sex offender treatment, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). The Court may then revoke supervised release or extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade C violation is 3 to 9 months. U.S.S.G. 7B1.4(a).

At the hearing, the parties indicated they had come to an agreement to resolve the petition whereby Defendant would plead true to unsuccessful termination from sex offender treatment. In exchange, the government agreed to recommend that Defendant serve 3 months imprisonment with 5 years of supervised release to follow, subject to the same conditions he has been on previously, as well as an additional condition.

Pursuant to the Sentencing Reform Act of 1984, and the agreement of the parties, the Court **RECOMMENDS** that Derrick Lamont Walker be committed to the custody of the Bureau of Prisons for a term of imprisonment of 3 months with 5 years of supervised release to follow. It is further **RECOMMENDED** that Defendant's supervised release be subject to the same conditions he has been on previously, as well as the following additional condition: Defendant shall abstain from any

use of alcohol.

Defendant has waived his right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge Leonard Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 14th day of February, 2011.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE